# WESTLUND-WESTERBERG LUMBER COMPANY v. OLGA LINDSAY AND OTHERS.[1]

July 5, 1918.

No. 20,892.

**Mechanic's lien — computation of amount due.**

Amount of judgment was not correct. Proper amount is found by taking, on the credit side, the amount of the contract price and the extras, and on the debit side the amounts paid the contractor, the subcontractors and materialmen, and the amount of damages for noncompletion of the contract. When interest is allowed on the claims, interest is to be added to the debit side. [Reporter.]

**Same — person favored cannot complain of error.**

Where there is an error in the amount allowed in favor of the contractor, he cannot complain on appeal. [Reporter.]

Action in the district court for Ramsey county to foreclose mechanics' liens. The case was tried before Orr, J., who made findings and ordered judgment in favor of certain lien claimants and in favor of Olga Lindsay against the contractor. The contractor's motion for a new trial was denied. From the judgment in favor of Olga Lindsay, Adolph Wurtz appealed. Affirmed.

*Josiah E. Brill* and *Arthur F. Weller*, for appellant.
*C. A. Pidgeon* and *Arthur Fawcett*, for respondent.

[1]Reported in 168 N. W. 96.

PER CURIAM.

Action to foreclose a mechanic's lien. The appeal involves only a question of accounting between defendant Lindsay, the owner, and defendant Wurtz, the contractor. The court found that the contract price was $3,570; that there were extras amounting to $34.50, making a total on the credit side of the contractor's account of $3,604.50. The court then found that the owner had paid the contractor $500, that there were subcontractors' and materialmen's liens amounting to $3,428.02 "and interest," and that the owner "was damaged in the sum of $472.05 on account of the failure of said Adolph Wurtz to substantially comply with the contract." The lien claims were settled before judgment. The court gave judgment in favor of the owner Lindsay and against the contractor Wurtz for $472.05.

Defendant Wurtz appeals and contends that the findings do not sustain this judgment. The amount for which the judgment was entered was not correct. The proper amount is to be arrived at by the simple process of taking, on the credit side, the amount of the contract price and the extras, and on the debit side, the amount paid the contractor, the amount paid subcontractors and the materialmen and the amount of the damages for noncompletion of the contract. This leaves a balance in the defendant Lindsay's favor but the balance is not $472.05. That is only one item of one side of the account. The contractor, Wurtz, contends that the balance against him according to the figures found by the court is less than the amount of the judgment. So it would be were we to take only the face of the lien claims as found. But he has altogether overlooked the fact that the court allowed, and properly, interest on the claims. The interest added to the claims would so increase the debit side of the account that defendant Lindsay was entitled to judgment for a larger amount than the court gave her. The error being in favor of defendant Wurtz he cannot complain.

The claim that he is entitled to interest on the contract price cannot be sustained. Interest does not commence to run in such a case until the contract is completed. His contract was not completed.

The court properly allowed defendant Lindsay the amount of costs accrued to the lien claimants and paid by her.

Judgment affirmed.